# SUPERIOR COURT,

## SPRING SESSIONS,

## 1885.

———•———

### JOHN M. BUCKMASTER *v.* JEHU M. REED.

*Suit against Administrator for share of Estate—Plea of Statute of Limitations.*

Upon demurrer to the plea of the statute of limitations in an action of assumpsit against the administrator for a distributive share of the estate the plea of the statute *held* to be a complete bar to the action.

(*Kent, April, 1885.*)

ASSUMPSIT for distributive share of estate.

The defendant, Jehu M. Reed, was appointed administrator of Sarah A. Buckmaster, November 14, 1867, and gave bond in the usual form.

The administrator passed his final account February 17, 1870, showing an unappropriated balance in his hands of $1,277.56.

The plaintiff was one of the heirs-at-law of Sarah A. Buckmaster, the intestate, and brought an action of *assumpsit* to collect his distributive share of her estate.

This action was not brought until April 21, 1883, more than thirteen years after the passing of the final account of Reed as administrator. The reason of the long delay was the absence of the plaintiff, whose home was in the West, and had been all the intervening years.

This *form* of action was chosen rather than an action on the bond, in order to avoid the statutory plea of limitation. As an answer to the plea of the statute, the plaintiff replied, by way of

demurrer, first, that the defendant was a *trustee*, and secondly, that the case of action arose upon *a record*, to wit, the settlement of the defendant's account in the Register's office.    Issue was joined on the demurrer.

*J. Alexander Fulton*, for the plaintiff:

On the demurrer to the plea of the statute of limitation cited, 2 Halstead, 181; 11 Pa., 207; 24 Pa., 482; *Farmers' Bank v. Gardner*, 4 Harr., 430.

On the record: 17 Md., 505, 550; 3 Harr., 433.

*N. B. Smithers*, for the defendant:

As to the plea of the statute of limitation.    At common law an action of assumpsit would not lie against an executor or administrator for a legacy or distributive share, without proof of an express promise by him to pay it.   (He then read the provision of the *statute* on the subject.)    Without assets in his hands to pay it, no legal obligation is imposed upon him to pay it.    *4 Harr.*, 430; *3 Harr.*, 433.    The objections to the plea in support of the demurrer to it are, first, that the cause of action was a debt of record, and secondly, because the action was against a trustee, an administrator, for a liability of his as such, and the statute of limitations does not apply to a trust.    Now, the statute itself expressly declares that no action of assumpsit shall be brought after three years from the accrueing of the cause of action.

A number of other points were made and argued, but were not passed upon by the court, for the reason that the COURT *held* the statute of limitations to be a complete bar, and gave judgment for the defendant on the demurrer.